IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: EFFEXOR (VENLAFAXINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION | : MDL NO. 2458<br>: 13-MD-2458<br>:<br>: HON. CYNTHIA M. RUFE |
| THIS DOCUMENT APPLIES TO:<br>ALL ACTIONS | :<br>: |

## CASE MANAGEMENT ORDER NO. 1

AND NOW, this 22nd day of August 2013, upon consideration of the Order of the Judicial Panel on Multidistrict Litigation [Doc. No. 1], it is hereby **ORDERED** as follows:

1. **APPLICABILITY OF ORDER.** This Order shall govern the practice and procedure in the actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of August 6, 2013, all related actions originally filed in this Court or transferred or removed to this Court, and any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 12 of the Rules of Procedure of the Panel, after the filing of the final transfer order by the Clerk of this Court.

2. **CONSOLIDATION.** The actions described in Paragraph One of this Order are **CONSOLIDATED** for pretrial purposes.

    A. **FUTURE ACTIONS.** Any "tag-along" action later filed in, removed to or transferred to this Court, or related cases directly filed in the Eastern District of Pennsylvania, shall automatically be assigned to the undersigned and be consolidated with this action.

    B. **LIMITATIONS.** This consolidation does not constitute a determination that the actions described in Paragraph One of this Order should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been

named, served or added in accordance with the Federal Rules of Civil Procedure.

3. **INITIAL CONFERENCE.** An initial status conference will be held on **Friday October 25, 2013 at 10:30 a.m.**, in Courtroom 12A of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

A. **GENERAL RESPONSIBILITIES OF COUNSEL.** Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth ("MCL 4th"), and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.

B. **APPEARANCE AT CONFERENCE.** One attorney representing each party shall appear at the initial conference. To minimize costs and facilitate a manageable conference, parties with similar interests may agree to have an attending attorney represent their interest at the conference. Any party appearing through a designated attorney instead of its attorney of record shall serve written notice of such arrangement on the Court at Chambers (Room 12614) **no later than October 18, 2013**. By designating an attorney to represent its interest at the conference, a party will not be precluded from other representation during the litigation, nor will attendance at the conference constitute waiver of any objections to jurisdiction, venue, or service.

C. **APPLICATIONS / NOMINATIONS.** The Court intends to select interim liaison counsel for the plaintiffs and interim liaison counsel for the defendants to facilitate administrative issues in advance of the initial conference. The Court then intends to select liaison counsel for the plaintiffs and liaison counsel for the defendants to perform largely administrative functions, and to appoint a Plaintiffs' Steering Committee and a Defendants' Steering Committee to conduct and coordinate the discovery stage of this litigation. Following is

a nonexclusive description of the basic responsibilities of liaison counsel and the Steering Committees, and of the selection process the Court will use to fill these positions.

(1) **LIAISON COUNSEL.** Counsel for each group of parties whose interests are similarly aligned shall confer and seek consensus on candidates for the position of interim liaison counsel and liaison counsel. Appointment of liaison counsel shall be subject to the approval of the Court. Liaison counsel will be charged with essentially administrative functions. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and the performance of other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them in hard copy or electronic form, and to make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or established by the Court failing such agreement. At the first conference, the parties should be prepared to discuss any additional matters consistent with the efficient operation of this function.

**No later than September 20, 2013,** counsel for the plaintiffs shall confer and submit the name of counsel proposed for the position of interim plaintiffs' liaison counsel until liaison

counsel is selected by the Court.

No later than **September 20, 2013**, counsel for the defendants shall confer and submit the name of counsel proposed for the position of interim defendants' liaison counsel until liaison counsel is selected by the Court.

**No later than October 1, 2013,** counsel for the plaintiffs shall confer and submit a maximum of three candidates for the position of liaison counsel, which may include interim liaison counsel. Each candidate's name shall be submitted to the Court with a current *curriculum vitae* and any other pertinent information for the Court to consider.

**No later than October 1, 2013,** counsel for the defendants shall confer and submit a maximum of three candidates for the position of liaison counsel, which may include interim liaison counsel. Each candidate's name shall be submitted to the Court with a current *curriculum vitae* and any other pertinent information for the Court to consider.

(2) **PLAINTIFFS' STEERING COMMITTEE.** The Plaintiffs' Steering Committee ("PSC") shall, at a minimum, have the following responsibilities:

(a) **DISCOVERY.** The PSC shall:

– Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant Multidistrict Litigation;

– Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

– Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues;

– Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs, in a fashion in keeping with practice guidelines to be established in subsequent discovery plans or orders of this Court.

(b) **HEARINGS AND MEETINGS.** The PSC shall:

– Call meetings of plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

– Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

– Examine witnesses and introduce evidence at hearings on behalf of plaintiffs;

– Communicate on behalf of all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

(c) **MISCELLANEOUS.** In addition, the PSC shall:

– Submit and argue any oral or written motions presented to the Court on behalf of the PSC and oppose when necessary any motions submitted by the defendants or other parties which involve matters within the sphere of the PSC;

– Negotiate and enter into stipulations with Defendants' Steering Counsel regarding this litigation. All such stipulations must be submitted to the Court for approval, except for purely administrative details. Any attorney not in agreement with a non-administrative stipulation may file with the Court a written objection thereto within ten (10) days after he or she knows or reasonably should have become aware of the stipulation. Failure to

timely object shall be deemed a waiver, and the stipulation shall be binding on that party;

– Explore, develop and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

– Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys;

– Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the plaintiffs' liaison counsel, who will promptly distribute copies to the other plaintiffs' attorneys;

– Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined or authorized by the Court's orders;

– Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

The Court invites the submission, **no later than October 1, 2013,** of individual applications for positions of membership or leadership of the PSC. The applications must be filed in MDL 2458. The main criteria considered will be willingness and availability to commit to a time-consuming project, ability to work cooperatively with others, and professional experience in this type of litigation. Applications should succinctly address each of the above criteria and any other relevant matters. No submissions longer than three pages will be considered. Only attorneys of record in this litigation may apply.

Objections may be made to the appointment of any applicant. Objections must be in writing, and must be filed in MDL 2458 **no later than October 15, 2013.** Objections must be succinct, and must be supported by necessary documentation. Finally, **no later than October**

**22, 2013,** applicants may file in MDL 2458 a reply to any such objection lodged against them.

(3)  **DEFENDANTS' STEERING COMMITTEE.** The Defendants' Steering Committee ("DSC") shall, at a minimum, have the following responsibilities:

(a)  **DISCOVERY.** The DSC shall:

– Initiate, coordinate, and conduct all pretrial discovery on behalf of defendants in all actions which are consolidated with the instant Multidistrict Litigation;

– Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all defendants;

– Cause to be issued in the name of all defendants the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues;

– Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all defendants, in a fashion in keeping with practice guidelines to be established in subsequent discovery plans or orders of this Court.

(b)  **HEARINGS AND MEETINGS.** The DSC shall:

– Call meetings of defendants' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

– Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

– Examine witnesses and introduce evidence at hearings on behalf of defendants;

– Communicate on behalf of all defendants at pretrial proceedings and in

response to any inquiries by the Court, subject to the right of any defendant's counsel to present non-repetitive individual or different positions.

(c) **MISCELLANEOUS.** In addition, the DSC shall:

– Submit and argue any oral or written motions presented to the Court on behalf of the DSC and oppose when necessary any motions submitted by the defendants or other parties which involve matters within the sphere of the DSC;

– Negotiate and enter into stipulations with Plaintiffs' Steering Counsel regarding this litigation. All such stipulations must be submitted to the Court for approval, except for purely administrative details. Any attorney not in agreement with a non-administrative stipulation may file with the Court a written objection thereto within 10 days after he or she knows or reasonably should have become aware of the stipulation. Failure to timely object shall be deemed a waiver, and the stipulation shall be binding on that party;

– Explore, develop and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

– Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by defendants or their attorneys;

– Prepare periodic status reports summarizing the DSC's work and progress. These reports shall be submitted to the defendants' liaison counsel, who will promptly distribute copies to the other defendants' attorneys;

– Perform any task necessary and proper for the DSC to accomplish its responsibilities as defined or authorized by the Court's orders;

– Reimbursement for costs and/or fees for services will be set at a time and

in a manner established by the Court after due notice to all counsel and after a hearing.

The Court invites the submission, **no later than October 1, 2013,** of individual applications for positions of membership or leadership of the DSC. The applications must be filed in MDL 2458. The main criteria considered will be willingness and availability to commit to a time-consuming project, ability to work cooperatively with others, and professional experience in this type of litigation. Applications should succinctly address each of the above criteria and any other relevant matters. No submissions longer than three pages will be considered. Only attorneys of record in this litigation may apply.

Objections may be made to the appointment of any applicant. Objections must be in writing, and must be filed in MDL 2458 **no later than October 15, 2013.** Objections must be succinct, and must be supported by necessary documentation. Finally, **no later than October 22, 2013,** applicants may file in MDL 2458 a reply to any such objection lodged against them.

D. **PRE-CONFERENCE SUBMISSIONS.** In addition to any notices of designated counsel as described in Paragraph 3.B, interim liaison counsel shall submit the following items to the Court as specified below.

(1) **POSITION STATEMENT.** Interim liaison counsel shall submit to the Court at Chambers, no later than **October 1, 2013** a brief written statement of the parties' preliminary understanding of the facts involved in this litigation and the critical legal and factual issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence for any purpose in later proceedings. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, along with their current status, including any discovery taken to date, to the extent

known. The parties shall be limited to one such submission for all plaintiffs, and one such submission for all defendants.

(2) **PROPOSED CASE MANAGEMENT ORDER(S).** The parties shall confer and interim liaison counsel shall submit one or more joint proposed case management order(s), as appropriate, **no later than October 1, 2013.** In the event the parties cannot agree on particular items, they shall include in the proposed order(s) brief statements of their respective positions. The proposed order(s) must include detailed provisions regarding discovery, including e-discovery, insofar as is practicable at this time.

(3) **AGENDA.** The parties shall confer and interim liaison counsel shall submit a joint proposed agenda for the conference **no later than October 18, 2013.** In the event the parties cannot agree on particular items, interim liaison counsel shall include in the proposed agenda brief statements of the respective positions. The parties should be guided generally by reference to the items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63, insofar as they are applicable. However, the proposed agenda must include these items: discovery plan, amendment of pleadings, and consideration of class action allegations and motions. The proposed agenda shall be submitted to the Court by filing the original and serving two copies on the Court at Chambers.

E. **EXTENSION AND STAY.** The defendants are granted an extension of time for responding by motion or answer to the complaints until a date to be set by this Court. Pending the initial conference or further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated.

4. **MASTER DOCKET FILE.** The Clerk of Court will maintain a master docket case file styled "In re: Effexor (Venlafaxine Hydrochloride) Products Liability Litigation" at Eastern District of Pennsylvania Action No. 13-md-2458. When a pleading is intended to be applicable to all actions, the caption should state "This Document Relates to All Actions." When a pleading is intended to apply to fewer than all cases, this Court's civil action number for each individual case to which the document relates shall appear immediately after the words "This Document Relates To." **All pleadings, motions, and other filings that apply to individual cases must be cross-filed, electronically through Electronic Case Filing ("ECF") to the master docket and to the individual civil action dockets**. All motions currently pending in individual cases must be cross-filed to the master docket within 14 days of the date of this Order.

5. **FILING.** Documents after the initial complaint shall be filed with the Clerk of this Court and not with the transferor court. **All such pleadings must be filed electronically through ECF.** Counsel shall take steps as necessary to be registered as electronic filers in the Eastern District of Pennsylvania and to familiarize themselves with the Court's administrative procedures for filing as soon as practicable.

6. **DOCKETING.** When an action that properly belongs as a part of this MDL is hereinafter filed in the Eastern District of Pennsylvania or transferred here from another court, the Clerk of this Court shall:

    1. File a copy of this Order in the separate file for such action;

    2. Make an appropriate entry on the master docket sheet;

    3. Mail the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

11

4. Upon the first appearance of any new defendant, mail to the attorneys for such defendant a copy of this Order.

7. **APPEARANCES.** Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83.2.6 and 83.2.7 are waived. Association of local counsel is not required.

8. **REMAND STIPULATIONS.** In the event a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed, so as to enable the transferee clerk to comply with the order of remand.

9. **PRESERVATION.** All parties and their counsel are reminded of their duty, consistent with the Federal Rules of Civil Procedure, to take reasonable measures to preserve documents, electronically stored information and things (i.e., in cases brought on behalf of decedents, tissue sample or other biological evidence) that are potentially relevant.

10. **PROTECTIVE ORDER.** Upon appointment of the PSC and DSC, counsel shall meet and confer as to the appropriate terms and conditions of a protective order governing the production of confidential information and documents. If unable to reach agreement, the parties shall present their positions to the Court for resolution.

11. **DISCOVERY.**

   A. **FILING OF DISCOVERY REQUESTS.** In accordance with Federal Rule of Civil Procedure 5(d), discovery requests and responses are neither filed with the Clerk nor sent

to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

  B. **DISCOVERY PLAN.** A discovery schedule will be established at the initial conference. A substantive discovery plan will be established shortly thereafter, upon due consideration of the proposed case management order(s) to be submitted by counsel.

  12. **COMMUNICATION WITH THE COURT.** Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel.

  13. **COMMUNICATION AMONG COUNSEL.** The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by defendant or against defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or the attorney work product doctrine.

  It is so **ORDERED.**

                **BY THE COURT:**

                _____
                **CYNTHIA M. RUFE, J.**